**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**In re:**

**ARC MANAGEMENT GROUP, LLC,**

**Debtor.**

**CHAPTER 11**

**CASE NO. 23-61742-WLH**

---

**ARC MANAGEMENT GROUP, LLC,**

**Plaintiff,**

**v.**

**FLOCK FINANCIAL, LLC,**
**LIBERTAS FUNDING, LLC,**
**WEBBANK.,**
**SUPERB CAPITAL, LLC,**
**SAMSON MCA, LLC,**
**ONE FUNDER,**
**FUNDING CLUB,**
**CHEETAH CAPITAL,**
**LENDSPARK CORPORATION,**
**GREEN NOTE CAPITAL PARTNERS SPV, LLC,**
**KYF GLOBAL PARTNERS, LLC,**
**TRUE BUSINESS FUNDING, LLC,**

**Defendants.**

**ADVERSARY PROCEEDING NO. 24-05018**

**AMENDED COMPLAINT TO DETERMINE VALIDITY, PRIORITY, AND EXTENT OF LIENS AND SECURITY INTERESTS AND AVOIDANCE OF LIENS**

COMES NOW Debtor ARC Management Group, LLC ("**Debtor**" or "**Plaintiff**") in the above captioned bankruptcy case filed under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and files this complaint under 11 U.S.C. §§ 506 (a)

and (d) seeking a determination as to the extent, priority, and validity of certain security interests asserted by creditors of Debtor in and to certain property of Debtor. In support of this Complaint, Debtor respectfully shows the Court as follows:

## INTRODUCTION

Debtor seeks a determination from the Court regarding the validity, extent, and priority of liens and interests in Debtor's assets asserted by twelve (12) creditors. These twelve creditors (collectively, "**Defendants**"), claim security interests in various forms of Debtor's property and some Defendants assert they purchased certain of Debtor's accounts receivable. Given the number of purported secured claims and Debtor's limited assets, Debtor also seeks a determination from the Court that Defendants whose secured claims exceed the value of any subject collateral are void and are unsecured claims under § 506 of the Bankruptcy Code.

## PARTIES, JURISDICTION, AND VENUE

1. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 105. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(K).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a), as this is an adversary proceeding arising in and related to Debtor's Chapter 11 Case No. 23-61742-W:H (the "**Bankruptcy Case**"), which is pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (this "**Court**").

3. Defendant Flock Financial, LLC ("**Flock**") is a limited liability company organized

under the laws of Delaware having its principal place of business in Georgia located at 400 Galleria Parkway SE, Suite 1720, Atlanta, Georgia 30339.

4. Flock may be served by statutory overnight delivery or by mailing, via first class postage, pre-paid regular mail, a copy of the Summons and Complaint to Flock's attorney of record in the Bankruptcy Case as follows: Greg M. Taube, Nelson Mullins Riley & Scarborough LLP, 201 17th Street NW, Suite 1700, Atlanta, GA 30363.

5. Defendant Libertas Funding, LLC ("**Libertas**") is a limited liability company organized under the laws of Delaware having its principal place of business located at 411 W. Putnam Ave., Suite 220, Greenwich, CT 06830.

6. Libertas may be served by statutory overnight delivery or by mailing, via first class postage, pre-paid regular mail, a copy of the Summons and Complaint to its attorneys of record in the Bankruptcy Case as follows: Michael D. Robl, Robl Law Group, LLC, 3754 Lavista Road, Suite 250, Tucker, GA 30084 and Jeffrey S. Cianciulli, Weir Greenblatt Pierce LLP, The Widener Building, Suite 500, 1339 Chestnut Street, Philadelphia, PA 19107.

7. Defendant Libertas Funding, LLC d/b/a SuperB Capital ("**SuperB**") is a limited liability company organized under the laws of Delaware having its principal place of business located at 411 W. Putnam Ave., Suite 220, Greenwich, CT 06830.

8. Super B may be served by statutory overnight delivery or by mailing, via first class postage, pre-paid regular mail, a copy of the Summons and Complaint to its attorney of record in the Bankruptcy Case as follow: Michael D. Robl, Robl Law Group, LLC, 3754 Lavista Road, Suite 250, Tucker, GA 30084 and Jeffrey S. Cianciulli, Weir Greenblatt Pierce LLP, The Widener Building, Suite 500, 1339 Chestnut Street, Philadelphia, PA 19107.

9. Defendant Libertas Funding, LLC d/b/a Lendspark Corporation ("**Lendspark**") is a limited liability company organized under the laws of Delaware having its principal place of business located at 411 W. Putnam Ave., Suite 220, Greenwich, CT 06830.

10. Lendspark may be served by statutory overnight delivery or by mailing, via first class postage, pre-paid regular mail, a copy of the Summons and Complaint to its attorney of record in the Bankruptcy Case as follows: Michael D. Robl, Robl Law Group, LLC, 3754 Lavista Road, Suite 250, Tucker, GA 30084 and Jeffrey S. Cianciulli, Weir Greenblatt Pierce LLP, The Widener Building, Suite 500, 1339 Chestnut Street, Philadelphia, PA 19107.

11. Defendant One Funder ("**OF**") is a limited liability company organized under the laws of Delaware having its principal place of business located at 8019 N. Himes Avenue, Suite 300, Tampa, Florida 33614.

12. OF may be served by statutory overnight delivery or by mailing, via first class postage, pre-paid regular mail, a copy of the Summons and Complaint to its registered agent, LegalInc Corporate Services, Inc., 651 N. Broad Street, Suite 201, Middletown, Delaware 19709.

13. Libertas, SuperB, and Lendspark, are referred to collectively as "**Libertas**."

14. Defendant Webbank Holding Corp. ("**WebBank**") is a limited liability company organized under the laws of Delaware having its principal place of business located at 1 Deforest Avenue, Suite 100, Summit, NJ 07901.

15. WebBank may be served by statutory overnight delivery or by mailing, via first class postage, pre-paid regular mail, a copy of the Summons and Complaint to its attorney of record in the Bankruptcy Case as follows: Michael D. Robl, Robl Law Group, LLC, 3754 Lavista Road,

Suite 250, Tucker, GA 30084 and Jeffrey S. Cianciulli, Weir Greenblatt Pierce LLP, The Widener Building, Suite 500, 1339 Chestnut Street, Philadelphia, PA 19107.

16. Defendant Samson MCA, LLC ("**Samson**") is a limited liability company organized under the laws of New York having its principal place of business located at 17 State Street, Suite 630, New York, NY 10004.

17. Samson may be served by statutory overnight delivery or by mailing, via first class postage, pre-paid regular mail, a copy of the Summons and Complaint to its attorney of record in the Bankruptcy Case as follows: Ariel Bouskila, Berkovitvh and Bouskila PLLC, 1545 Route 202, Pomona, New York 10970.

18. Defendant Funding Club, LLC ("**Funding Club**") is a limited liability company organized under the laws of Florida having its principal place of business located at 915 Middle River Drive, Fort Lauderdale, Florida 33304.

19. Funding Club may be served by statutory overnight delivery or by mailing, via first class postage, pre-paid regular mail, a copy of the Summons and Complaint to its registered agent as follows: Registered Agents, Inc., 7901 4th Street N., Suite 300, St. Petersburg, Florida 33702

20. Defendant Cheetah Capital, LLC ("**Cheetah**") is a limited liability company organized under the laws of Delaware having its principal place of business located at 460 Faraday Ave., Jackson, NJ 08527-5072.

21. Cheetah may be served by statutory overnight delivery or by mailing, via first class

postage, pre-paid regular mail, a copy of the Summons and Complaint to its registered agent as follows: Sertus Incorporation (Delaware) Limited, 3500 S. Dupont Highway, Dover, Delaware 19901.

22. Defendant Green Note Capital Partners SPV, LLC ("**Green Note**") is a limited liability company organized under the laws of Delaware having its principal place of business located at 1019 Avenue P, Suite 401, Brooklyn, NY 11223-2366.

23. Green Note may be served by statutory overnight delivery or by mailing, via first class postage, pre-paid regular mail, a copy of the Summons and Complaint to its registered agent as follows: Delaware Corporations, LLC, 1000 N. West Street, Suite 1501, Wilmington, Delaware 19801.

24. Defendant KYF Global Partners, LLC ("**KYF**") is a limited liability company organized under the laws of New Jersey having its principal place of business located at 1019 Avenue P, Suite 401, Brooklyn, NY 11223-2366.

25. KYF may be served by statutory overnight delivery or by mailing, via first class postage, pre-paid regular mail, a copy of the Summons and Complaint to its registered agent as follows: United States Corporation Agents, Inc., 330 Changebridge Road, Suite 101, Pine Brook, New Jersey 07058..

26. Defendant True Business Funding, LLC ("**TBF**") is a limited liability company organized under the laws of New York.

27. TBF may be served by statutory overnight delivery or by mailing, via first class postage, pre-paid regular mail, a copy of the Summons and Complaint to its registered agent as follows: Inerstate Agent Services, LLC, 301 Mill Road, Suite U-5, Hewlett, NY 11557.

## FACTUAL BACKGROUND

28. On November 28, 2023 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under chapter 11 title 11 of the Bankruptcy Code, initiating the Bankruptcy Case.

29. Debtor has two equal members, William Wilson and Thresa Wilson, who formed Debtor as a Georgia limited liability company in 2005. Debtor is a full-service revenue cycle accounts receivable collection company. Its clients include entities in the legal, healthcare, and retail fields. Debtor also owns ten portfolios of consumer medical accounts receivable that are serviced and managed by Allgate Financial, LLC.

30. Prior to July 2022, Debtor's source of income was commissions earned from the collection of accounts receivables placed with Debtor by its clients (the "**Commission Clients**").

31. Also prior to July 2022, Debtor's primary source of borrowing was through Libertas.

32. Beginning in July 2022, Debtor had the opportunity to purchase nine consumer medical accounts receivable portfolios from Debtor's long time client F. Schumacher & Co. and one from Keystone (the "**Purchased Portfolios**").

33. Debtor funded the purchase of the Purchased Portfolios with its funds and funds Flock provided to Debtor to fund the purchases. Flock invested $16,746,739.60 and Debtor invested $3,151,342.40.

34. Debtor and Flock entered into ten individual Joint Venture Agreements (the "**JIAs**") memorializing the terms of Flock's loan for each of the Portfolios. A true and correct copy of an example of the JIAs is attached hereto as **Exhibit A** and is incorporated herein by reference.

35. The Purchased Portfolios details are as follows:

| Month | File ID | For Sale | Purchased | % Purchased | ARC | FLOCK | Cost |
|---|---|---|---|---|---|---|---|
| Jul-22 | TSG01 | $ 85,796,899.26 | $ 78,170,959.30 | 91.11% | $476,151.30 | $1,904,605.22 | $ 2,380,756.52 |
| Aug-22 | TSG02 | $ 69,005,452.12 | $ 62,818,302.15 | 91.03% | $373,641.56 | $1,494,566.25 | $1,868,208 |
| Sep-22 | TSG03 | $ 93,076,898.00 | $ 86,369,215.02 | 92.79% | $513,968.91 | $2,055,875.66 | $ 2,569,844.57 |
| Oct-22 | TSG04 | $ 83,458,374.48 | $ 64,961,393.85 | 77.84% | $351,882.63 | $1,407,530.52 | $ 1,759,413.15 |
| 10/31/22 | TSG04A | | $ 9,889,309.02 | 11.85% | $72,693.89 | $290,775.57 | $ 363,469.46 |
| Nov-22 | TSG05 | $ 84,513,631.49 | $ 78,312,910.73 | 92.66% | $453,656.79 | $1,814,627.17 | $ 2,268,283.96 |
| Dec-22 | TSG06 | $ 80,150,775.27 | $ 76,674,589.94 | 95.66% | $236,175.10 | $2,125,575.89 | $ 2,361,750.98 |
| Jan-23 | TSG07 | $ 68,434,188.24 | $ 65,731,904.93 | 96.05% | $193,410.57 | $1,740,695.13 | $ 1,934,105.70 |
| Feb-23 | TSG08 | $ 63,094,844.11 | $ 59,918,222.95 | 94.97% | $181,186.22 | $1,630,675.95 | $ 1,811,862.16 |
| Mar-23 | TSG09 | $ 83,737,865.82 | $ 79,078,785.41 | 94.44% | $217,496.78 | $1,957,471.03 | $ 2,174,967.81 |
| | Totals | $ 711,268,929 | $ 661,925,593 | 93.06% | $ 3,070,264 | $ 16,422,398 | $ 19,492,662 |

36. Flock recorded a UCC Financing Statement for each JIA as follows (the "Flock UCCs"):

| Date/Time Recorded | UCC Number |
|---|---|
| 7/17/23 10:42:08 AM | 038-2023-015660. |
| 7/17/23 10:55:03 AM | 038-2023-015670. |
| 7/17/23 10:56:15 AM | 038-2023-015673. |
| 7/25/23 11:08:00 AM | 033-2023-002648 |
| 7/25/23 11:08:00 AM | 033-2023-002649 |
| 7/25/23 11:08:00 AM | 033-2023-002651 |
| 7/25/23 11:08:00 AM | 033-2023-002652 |
| 7/25/23 11:08:00 AM | 033-2023-002653 |
| 7/25/23 11:08:00 AM | 033-2023-002654 |
| 9/1/23 9:53:00 AM | 033-2023-003096. |

37. True and correct copies of each of the Flock UCCs are attached hereto as **Exhibit B** and are incorporated herein by reference.

38. The Purchased Portfolios provided another source of income for Debtor – the commissions earned from the collection of these Portfolios (the "**Portfolio Commission Revenue**"). Debtor's commission percentages paid from the Portfolio Commission Revenue are detailed in each of the JIAs.

39. The JIAs provide that Flock would be repaid its loans for Debtor's purchase of the

Purchased Portfolios, among other payments, before Debtor would receive addition revenue from the Purchased Portfolios

40. The JIAs also provide for Debtor to receive additional revenue after certain metrics are achieved.

41. Flock is owed $12,631,032.60 on the repayment of its investment with Debtor.

42. After Debtor's purchase of the Purchased Portfolios, Debtor incurred significant costs associated with the needed infrastructure for the collection and servicing of the accounts.

43. The Portfolios were not performing as the projections indicated to cover the expenses associated with their collection.

44. Debtor's financial situation caused Debtor to look for non-traditional short term funding to help cover the unexpected expenses.

45. All Defendants, except Flock, provided this funding.

***WEBBANK***

46. Debtor entered into three separate term loan agreements with WebBank dated August 8, 2022, December 14, 2022, and February 13, 2023 (the "**WebBank Loans**"). True and correct copies of these agreements are attached hereto as **Exhibit C** and are incorporated herein by reference.

47. WebBank recorded three UCC Financial Statements (the "**WebBank UCCs**"):

| | | |
|---|---|---|
| August 8, 2022 | 12:04:52 PM | 007-2022-047686 |
| December 14, 2022 | 8:47:02 AM | 007-2022-072654 |
| February 13, 2023 | 11:18:08 AM | 007-2023-006398 |

48. True and correct copies of WebBank's UCCs are attached hereto as **Exhibit D** and are incorporated herein by reference.

49. The remaining balance on the WebBank Loans is $551,170.53.

***SAMSON***

50. Debtor obtained funds from Samson in March and April 2023.

51. Samson recorded a UCC Financial Statement (the "**Samson UCC**"):

December 5, 2022 8:04:00 PM 007-2022-070860

52. A true and correct copy of the Samson UCC is attached hereto as **Exhibit E** and is incorporated herein by reference.

53. The remaining balance owed to Samson is $380,292.51.

***LIBERTAS***

54. Debtor obtained funds from Libertas under twelve (12) Agreements from August 2022 through November 2023 (the "**Libertas Agreements**"). True and correct copies of some of the Libertas Agreements are attached hereto as **Exhibit F** and are incorporated herein by reference.

55. Libertas recorded six UCC Financing Statements (the "**Libertas UCCs**"):

| Date/Time Recorded | UCC Number |
|---|---|
| 12/14/22 8:28:55 AM | 007-2022-072630 |
| 2/20/23 10:35:49 AM | 007-2023-007715 |
| 3/1/23 9:33:59 AM | 007-2023-009437 |
| 4/5/23 12:03:40 PM | 007-2023-016566 |
| 4/13/23 10:16:35 AM | 007-2023-018209 |
| 5/11/23 2:51:10 PM | 007-2023-024134 |

56. True and correct copies of each of the Libertas UCCs are attached hereto as **Exhibit G** and are incorporated herein by reference.

57. The remaining balance owed to Libertas is $5,285,500.

***GREEN NOTE***

58. Debtor obtained funds from Green Note on July 18, 2023 and August 4, 2023.

59. Green Note recorded two UCC Financial Statements (the "**Green Note UCCs**"):

| | | |
|---|---|---|
| August 28, 2023 | 8:38:00 AM | 038-2023-018319 |
| August 28, 2023 | 8:40:00 AM | 038-2023-018323 |

60. True and correct copies of the Green Note UCCs are attached hereto as **Exhibit H** and are incorporated herein by reference.

61. The remaining balance owed to Green Note is $169,000.

***CHEETAH***

62. Debtor obtained funds from Cheetah on June 5, 2023 and July 13, 2023..

63. Upon information and belief after a search of the public records, Cheetah did not file a prepetition UCC Financial Statement. Therefore, Cheetah is an unsecured creditor.

64. The remaining balance owed to Cheeta is $603,723.00.

***TBF***

65. Debtor obtained funds from TBF on July 19, 2023.

66. TBF filed a UCC Financing Statement (the "**TBF UCC**"):

| | | |
|---|---|---|
| July 19, 2023 | 10:51:13 AM | 038-2023-015932 |

67. A true and correct copy of the TBF UCC is attached hereto as **Exhibit I** and is incorporated herein by reference.

68. The remaining balance owed to TBF is $163,928.

***KYF***

69. Debtor obtained funds from KYF in July 2023.

70. The remaining balance owed to KYF is $218,000.

71. Upon information and belief after a search of the public records, KYF did not file a prepetition UCC Financial Statement. Therefore, KYF is an unsecured creditor.

***PROJECTED COLLECTIONS FOR THE PURCHASED PORTFOLIOS***

72. Debtor believes that the projected gross collections for the Purchased Portfolios are $13,125,842.

73. The total amount owed to Defendants is approximately $20,002,646.60.

74. An actual controversy has arisen and now exists between Debtor and Defendants as to the priority of each Defendant's lien on and security interest in and to Debtor's property. Debtor seeks a declaration from the Court of the rights and priority of each Defendant's claim in this Bankruptcy Case.

**COUNT I**
**DETERMINATION OF THE VALIDITY, PRIORITY, AND EXTENT OF EACH DEFENDANT'S LIEN ON AND SECURITY INTEREST IN THE PURCHASED PORTFOLIO PURSUANT TO 11 U.S.C. § 506**

75. Plaintiff adopts and incorporates the allegations contained in all preceding paragraphs of this Complaint as if fully stated herein.

76. Section 506(a)(1) of the Bankruptcy Code provides that an "allowed claim of a creditor secured by a lien on property in which the estate has an interest,…,is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,…,and is an unsecured claim to the extent that the value of the such creditor's interest,…,is less than the amount of such allowed claim." 11 U.S.C. § 506(a)(1).

77. Based upon the JIAs and the Flock UCCs, Flock asserts a first in priority security interest in the Purchased Portfolios and the corresponding revenue.

78. Based upon the WebBank Agreements and the WebBank UCCs, WebBank asserts a first in priority security interest in the Purchased Portfolios and the corresponding revenue.

79. Based upon the Libertas Agreements and Libertas UCCs, Libertas asserts that it purchased certain of Debtor's accounts receivable. It also asserts a first in priority security interest in the Purchased Portfolios and the corresponding revenue.

80. Based upon the Samson UCC, the Green Note UCCs, and the TBF UCC, Samson, Green Note, and TBF assert that they purchased certain accounts receivable and that they have a security interest in revenues generated by Debtor from the collection of the accounts receivale.

81. A search of the Georgia UCC filing database did not reveal any UCC filings by Cheetah, Funding Club, or KYF. These three Defendants appear to be unsecured creditors.

82. Spreadsheets of Defendants' UCC filings by Defendant name and by date are attached hereto as **Exhibit J** and are incorporated herein by reference.

83. Accordingly, Plaintiff respectfully requests that the Court determine the validity and extent of each Defendant's asserted lien on and security interest an property of Debtor's estate and determine the amount of each secured claim, if one.

84. A determination by the Court of the validity, priority, and extent of the pre-petition security interest s and liens claimed by Defendants in the Purchased Portfolios, Debtor's Commission Clients Revenue, and the Purchased Portfolio Revenue is necessary to the proper administration of the bankruptcy estate.

**COUNT II**
**AVOIDANCE OF LIENS PURSUANT TO 11 U.S.C. § 506(d)**

85. Debtor repeats and realleges each of the foregoing allegations as if fully set forth herein.

86. Section 506(d) of the Bankruptcy Code provides: "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void,…S" 11 U.S.C. § 506(d).

87. Debtor asserts that the value of its property that secures Defendants' claims is less than the amount of these claims.

88. The Purchased Portfolios' value is based upon the collectability of the accounts receivable in each of the Purchased Portfolios. Debtor's analysis of the return on collections reveals the expected collections to be approximately $13,125,842.

89. Further, certain Defendants assert that they purchased Debtor's accounts receivable. The only accounts receivable owned by Debtor are those in the Purchased Portfolios. If the Court finds that one or more Defendants purchased any receivables that make up the Purchased Portfolios, the expected collections could be significantly less..

90. Thus, one or more Defendants' security interests and liens will not be secured by the Purchased Portfolios or the Purchased Commission Revenue or the Commission Clients' collection revenue.

91. Debtor requests the Court determine the amount of each Defendant's claim and, to the extent the claim is unsecured, to void the lien pursuant to § 506(d) and to find that Defendant holds an unsecured claim in this Bankruptcy Case.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Determine the validity and extent of each Defendant's asserted lien on and security interest in and against property of Debtor's bankruptcy estate;

(2) Determine the value of each Defendant's secured claim;

(3) Void each Defendant's lien to the extent any Defendant's lien is unsecured or unenforceable; and

(4) grant Debtor such other and further relief as this Court may deem just and proper.

Dated: March 29, 2024

Respectfully submitted,

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*<u>/s/ Ceci Christy</u>*
Will Rountree
Georgia Bar Number
Ceci Christy
Georgia Bar Number 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
wrountree@rlkglaw.com
cchristy@rlkglaw.com
404-584-1238
*Attorneys for Debtor/Plaintiff*