**IT IS ORDERED as set forth below:**



**Date: April 16, 2024**

_Wendy L. Hagenau_
_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | Case No. 23-61742-WLH |
| ARC MANAGEMENT GROUP, LLC, | |
| | Chapter 11 |
| Debtor. | |
| ARC MANAGEMENT GROUP, LLC, | Adversary Proceeding No. 24-5018 |
| Plaintiff, | |
| v. | |
| FLOCK FINANCIAL, LLC,<br>LIBERTAS FUNDING, LLC,<br>WEBBANK,<br>SUPERB CAPITAL, LLC,<br>SAMSON MCA, LLC,<br>ONE FUNDER,<br>FUNDING CLUB,<br>CHEETAH CAPITAL,<br>LENDSPARK CORPORATION,<br>GREEN NOTE CAPITAL PARTNERS<br>SPV, LLC,<br>KYF GLOBAL PARTNERS, LLC,<br>TRUE BUSINESS FUNDING, LLC, | |
| Defendants. | |

**ORDER GRANTING DEFAULT JUDGMENT AGAINST DEFENDANTS
FUNDING CLUB, CHEETAH CAPITAL, AND KYF GLOBAL PARTNERS, LLC**

1

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 26) (the "Motion"). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(K), and the Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

Plaintiff commenced this adversary proceeding to determine the validity, extent, or priority of liens by filing a complaint on February 9, 2024. On February 13, 2024, Plaintiff filed a certificate of service pursuant to Bankruptcy Rule 7004(b) certifying that a copy of the complaint and a summons were sent by United States mail with adequate postage to Defendants (Doc. No. 3).

On March 25, 2024, Plaintiff requested entry of default against Funding Club; Cheetah Capital ("Cheetah"); True Business Funding, LLC ("TBF"); KYF Global Partners, LLC ("KYF"); and Samson MCA, LLC ("Samson") (collectively "Defendants") for their failure to file an answer or otherwise respond to the complaint (Docs. Nos. 19—23). On March 26, 2024, the Clerk entered default against Defendants pursuant to Bankruptcy Rule 7055.

On March 30, 2024, Plaintiff filed the Motion and a corresponding memorandum of law (Doc. No. 26). Defendants had until April 15, 2024 to respond. They failed to file a response; consequently, the Motion is deemed unopposed pursuant to Local Rule 7007-1(c).

Entry of default judgment under Fed. R. Bankr. P. 7055 is discretionary. In re Alam, 314 B.R. 834, 837 (Bankr. N.D. Ga. 2004). "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A default only admits well-pled allegations of fact and does not admit conclusions of law. Id. Only facts established by the pleadings can support a default judgment. Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988).

In determining whether the allegations in a complaint are sufficient, the Supreme Court has provided guidance in both <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). In these cases, the Supreme Court explained, while "detailed factual allegations" are not required, the pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555. Instead, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570.

Based on the well plead allegations in the Amended Complaint, the Court finds as follows:

Debtor filed for Chapter 11 bankruptcy relief on November 28, 2023.

Funding Club asserts that it purchased certain accounts receivable from Debtor and that it has a security interest in Debtor's property. Funding Club did not file a UCC-1 to secure its interest.

Cheetah asserts that it purchased certain accounts receivable from Debtor and that it has a security interest in Debtor's property. Cheetah Capital did not file a UCC-1 to secure its interest.

KYF asserts that it purchased certain accounts receivable from Debtor and that it has a security interest in Debtor's property. KYF did not file a UCC-1 to secure its interest.

Debtor filed the Complaint seeking to determine the extent, validity, and priority of the Defendants' asserted security interests in and liens on the Debtor's property, and determine the value of the unsecured claims of each of the Defendants. [1]

To perfect a purported security interest in or lien on accounts receivable and the proceeds thereof, the entity must file a UCC-1. O.C.G.A. § 11-9-310. Funding Club, Cheetah, and KYF

---

[1] Plaintiff filed an Amended Complaint (Doc. No. 28) on April 3, 2024. The Amended Complaint does not change anything substantive as to the defaulting Defendants.

3

failed to file a UCC-1. Accordingly, Funding Club, Cheetah, and KYF do not hold a secured interest or lien in the Debtor's accounts receivable.

For the reasons stated above,

**IT IS ORDERED** that the Motion is **GRANTED IN PART** against Funding Club, Cheetah, and KYF. Plaintiff is entitled to default judgment against Funding Club, Cheetah, and KYF.

**IT IS FURTHER ORDERED** that Funding Club, Cheetah, and KYF do not hold a valid security interest in or lien on Debtor's property or any proceeds thereof and therefore does not hold a secured claim against Debtor.

**IT IS FURTHER ORDERED** that Defendants hold unsecured claims in the following amounts:

Funding Club:      $0;

Cheetah:      $603,723; and

KYF:      $218,000.

**END OF DOCUMENT**

4

**Distribution List**

Ceci Christy
Georgia Bar No. 370092
Century Plaza I
2987 Clairmont Road
Suite 350
Atlanta, GA 303029

Cheetah Capital
Registered Agent
Sertus Incorporation (Delaware) Limited
3500 S. Dupont Highway
Dover, DE 19901

Samson MCA, LLC
c/o Ariel Bouskila, Esq.
Berkovitch & Bouskila PLLC
1545 Route 202
Pomona, New York 10970

Funding Club
c/o Registered Agent
Registered Agents, Inc.
7901 4th Street N.
Suite 300
St. Petersburg, Florida 33702

KYF Global Partners, LLC
c/o Registered Agent
United States Corporation Agents, Inc.
330 Changebridge Road
Suite 101
Pine Brook, New Jersey 07058

True Business Funding, LLC
c/o Registered Agent
Inerstate Agent Services, LLC
301 Mill Road
Suite U-5
Hewlett, New York 11557